F I L E D
United States Court of Appeals
Tenth Circuit

JAN 5 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ALAN DALE NUCKOLLS, also
known as Big Al,

     Defendant - Appellant.

No. 97-5237
(D.C. No. 97-CR-88-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY** and **LUCERO**, Circuit Judges.

Appellant Alan Dale Nuckolls pled guilty to criminal contempt for failure
to testify at trial despite a grant of immunity. He now challenges his sentence,
arguing that the district court applied the wrong sentencing guideline and
erroneously enhanced his sentence by a two-level upward departure. We have
jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm.

**I**

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Indicted for his role in a drug distribution conspiracy, appellant Nuckolls pled guilty to possessing a firearm during a drug trafficking offense, and was sentenced to 60 months in prison. The government thereupon granted Nuckolls immunity and subpoenaed him to testify at the trial of his co-conspirators. Nuckolls refused to testify. Charged with contempt, he pled guilty. There was also testimony that he physically threatened a prosecution witness. The district court calculated his sentence of 108 months imprisonment by using U.S.S.G. §§ 2J1.2 and 5K2.9. Section 2J1.2 applies to obstruction of justice. Section 5K2.9 allows for a discretionary two-level upward departure if the defendant commits an offense in order to facilitate or conceal the commission of another offense.

## II

Appellant Nuckolls argues the district court erred when it applied the obstruction of justice guideline to calculate his sentence for contempt. We review a district court's application and interpretation of the Sentencing Guidelines de novo. See United States v. Voss, 82 F.3d 1521, 1531 (10th Cir. 1996). The court's underlying factual findings, however, we subject to the clearly erroneous standard of review. See id.

Sentencing Guideline § 2J1.1 applies to contempt offenses. However, Section 2J1.1 provides no specific guidelines for this contempt.[1] Instead, it directs the sentencing court to apply U.S.S.G. § 2X5.1. Section 2X5.1 provides, in turn, that if an offense is one for which no guideline has been expressly provided, a sentencing court should apply the guideline for the most analogous offense.

"In certain cases, the [contempt] offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply." See U.S.S.G. § 2J1.1, comment. (n.1). When refusal to obey a court order to provide evidence at trial is intended to stymie the prosecution of criminal offenses, obstruction of justice is a sufficiently analogous offense to warrant application of U.S.S.G. § 2J1.2. See Voss, 82 F.3d at 1531-32. The district court found that Nuckolls' refusal to testify was part of a code of silence meant to conceal a drug distribution conspiracy. Discerning no clear error in the district court's factual findings, we affirm its application of U.S.S.G. § 2J1.2 to calculate appellant's sentence.

---

[1]Section 2J1.1 provides no specific guideline for contempt because "misconduct constituting contempt varies significantly," and thus a determination of the appropriate punishment for contemptuous conduct is "highly context-dependent." See U.S.S.G. § 2J1.1, comment. (n.1).

We also affirm the district court's application of U.S.S.G. § 5K2.9 which provides for an upward departure when the defendant commits an offense in order to facilitate another offense. In reviewing an upward departure, we look to see whether it is reasonable and backed by permissible factors with sufficient factual support in the record. United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997). We review de novo the factors or circumstances the district court uses to justify departure, and subject its underlying factual determination to a clearly erroneous standard. United States v. Stumpf, 938 F.2d 172, 173 (10th Cir. 1991).

The district court applied Section 5K2.9 upon finding that Nuckolls threatened a prosecution witness to facilitate the commission of another offense—a drug distribution conspiracy. The record shows that Nuckolls threatened a prosecution witness, following the witness to his home and waiting outside with other threatening persons. He did this, the trial court found, as part of an effort to conceal an ongoing drug conspiracy. More important, Nuckolls engaged in these activities after being arrested for possession of a firearm during the commission of a drug trafficking offense. His actions represent the "extra measure of criminal depravity . . . the departure mechanism is designed to address." United States v. Smith, 133 F.3d 737, 751 (10th Cir. 1997). The court's finding is supported by the record, and its two-level upward departure was reasonable.

Nuckolls argues, however, that his threats against the witness were addressed by the obstruction of justice guideline, U.S.S.G. § 2J1.2, that the district court had already used to calculate his sentence for contempt. The court thus erred, he claims, in using a separate guideline, § 5K2.9, for a two-level upward departure. There is no merit to this argument. By threatening the witness, Nuckolls did not merely obstruct justice; he intended to facilitate and conceal a drug conspiracy scheme. His action was part of the substantive offense of aiding and furthering a conspiracy and thus not addressed by the obstruction of justice guideline. Therefore, we affirm the district court's enhancement of appellant's sentence under U.S.S.G. § 5K2.9.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-5-